IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEAF TRADING CARDS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-3200-N-BT |
| | § | |
| THE UPPER DECK COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Leaf Trading Cards, LLC's ("Leaf") motion to dismiss [170]. Because the Court finds that Defendant The Upper Deck Company ("Upper Deck") sufficiently alleged its counterclaims, the Court denies Leaf's motion.

### I. ORIGINS OF THE DISPUTE

This dispute concerns two parties that produce and sell hockey trading cards. Leaf alleges that Upper Deck has used its position in the market to foreclose meaningful sales and distribution outlets for Leaf's trading cards. Upper Deck contends that Leaf is misusing intellectual property and interfering with exclusive licenses. Upper Deck originally filed suit against Leaf in the Southern District of California. The next day, Leaf filed suit against Upper Deck in this Court. The California court transferred its case here. The Court then consolidated the California case with the Texas case and made Leaf the lead plaintiff. After consolidation, Upper Deck asserted counterclaims against Leaf. Leaf moves to dismiss several of Upper Deck's counterclaims.

## II. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

When addressing a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To survive dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, a plaintiff must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). A court does not, however, accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

## III. The Court Denies Leaf's Motion to Dismiss

### A. *The Court Will Determine the Choice-of-Law Issue Based on the Trial Record*

First, the Court notes it will decide the choice-of-law issue based on the trial record. Leaf argues that Texas law, not California law, governs this case, so the Court should

MEMORANDUM OPINION AND ORDER – PAGE 2

dismiss Upper Deck's California law counterclaims. Leaf Trading Company LLC's Mot. Dismiss Pursuant Federal Rules Civil Procedure 12(b)(6) ("Leaf's Mot.") 2–6 [170]. However, at this time, the Court declines to dismiss the counterclaims based on choice-of-law principles. The Court will determine the choice-of-law issue based on the record at trial.

### B. The Court Finds That Upper Deck Sufficiently Alleged Its Registered Trademark Infringement and Counterfeiting Counterclaim

The Lanham Act protects parties against the unlawful use of a registered trademark. 15 U.S.C. § 1114. In order to state a claim of registered trademark infringement and counterfeiting under the Lanham Act, the moving party must show that the opposing party, without consent, used or counterfeited a registered trademark in connection with commerce, which caused a likelihood of confusion, mistake, or deception. *Id.* § 1114(1)(a).

Here, the Court concludes that Upper Deck sufficiently stated a claim for registered trademark infringement and counterfeiting under the Lanham Act. Leaf argues that Upper Deck pled that Leaf misused unregistered marks, rather than just registered marks. Leaf's Mot. 7–8 [170]. However, Upper Deck counters that its claim is limited to only registered marks. Upper Deck's Resp. Leaf's Rule 12(b)(6) Mot. Dismiss Br. Supp. ("Upper Deck's Resp.") 8–9 [185]. The Court agrees with Upper Deck. The Court finds that Upper Deck made sufficient allegations that Leaf misused and counterfeited "registered marks" in connection with the sale of goods, which was likely to cause confusion and deceiver customers. *See* First Am. Countercl. Damages and Injunctive Relief (Demand Jury Trial) ("Upper Deck's Countercl.") 18–19 [109].

### C. The Court Finds That Upper Deck Sufficiently Pled Its
### Unregistered Trademark Infringement Counterclaim

In order to bring a claim under section 1125, a party must show that the opposing party used a protectible mark and use of the mark is likely to cause confusion or mislead. 15 U.S.C. §1125(a)(1). While section 1114 protects only registered trademarks, section 1125 prohibits a broader range of practices, including the deceptive and misleading use of unregistered marks.[1] *See* 15 U.S.C. §§ 1114, 1125; *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992); *see also GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204 n.3 (9th Cir. 2000) (noting that section 1125 also protects registered marks). Regardless of whether the mark is registered or unregistered, the Court should apply the same test in determining whether the mark is protectible and whether it has been infringed. *Amazing Spaces, Inc. v. Metro Mini* Storage, 608 F.3d 225, 235 n.8 (5th Cir. 2010) (citing *Two Pesos, Inc.*, 505 U.S. at 768–70, 773–74)).

The Court finds Upper Deck sufficiently stated a counterclaim under section 1125. Leaf argues that Upper Deck stated a claim under section 1125 for registered trademark infringement, but section 1125 does not apply to registered trademarks. Leaf's Mot. 8 [170]. Upper Deck counters that section 43 does not limit its protection to only unregistered marks. Upper Deck's Resp. 9–10 [185]. The Court agrees with Upper Deck and finds that Upper Deck's factual allegations are sufficient. Section 43 creates a broad

---

[1] While the Fifth Circuit notes that section 1114 protects registered trademarks and section 1125 protects unregistered trademarks, neither the Lanham Act nor the Fifth Circuit conclusively limit section 1125 to protect exclusively unregistered trademarks. *See* 15 U.S.C. § 1125; *see also Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 n.8 (5th Cir. 2010).

cause of action and is not limited to protecting only unregistered marks. *See* 15 U.S.C. § 1125; *Two Pesos, Inc.*, 505 U.S. at 768. The Court finds that Upper Deck sufficiently alleged that Leaf infringed on its athletes' protectible marks, which likely misled and confused customers.

### D. The Court Finds That Upper Deck Sufficiently Alleged Its Intentional Interference with Contractual Relations Counterclaim

Under California law, an intentional interference with contractual relations claim requires a party to show (1) a valid contract between the moving party and a third party; (2) the opposing party's knowledge of this contract; (3) the opposing party's intentional acts to induce breach or disruption; (4) actual breach or disruption of the relationship; and (5) damages. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587, 589–90 (Cal. 1990). The moving party need not show actual breach. *Id.* at 592. Instead, a party must show that the opposing party's intentional act made the moving party's performance more costly or more burdensome. *Id.* at 592; *see also Sebastian Int'l, Inc. v. Russolillo*, 162 F. Supp. 2d 1198, 1204–05 (C.D. Cal. 2001) (noting that to show actual breach or disruption, plaintiffs must show that defendants' acts resulted in a greater expense or burden when performing the contract).

Here, the Court finds that Leaf alleged sufficient facts to plead intentional interference with contractual relations. Leaf argues that Upper Deck failed to show any actual breach. Leaf's Mot. 9–10 [170]. However, Upper Deck alleged that Leaf's actions harmed its contracts, reduced the contracts' value, and caused extra expense. Upper Deck's Countercl. 22–23 [109]. The Court determines that Upper Deck sufficiently alleged that

Leaf, with knowledge of Upper Deck's contracts, intentionally used the marks to disrupt these contracts, which reduced Upper Deck's contractual benefits and caused damages.

### E. The Court Finds That Upper Deck Sufficiently Alleged Its Intentional Interference with Prospective Economic Relations Counterclaim

To plead a claim of intentional interference with prospective economic relations under California law, a party must show (1) an economic relationship between the moving party and a third party that may economically benefit the moving party; (2) the opposing party's knowledge of the relationship; (3) intentional acts by the opposing party designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the moving party proximately caused by the opposing party. *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 950 (Cal. 2003). This claim consists of the same five elements as a claim of intentional interference with a contract, but the moving party must also show that it engaged in an economic or business relationship in lieu of a contract and that the opposing party's action was "wrongful by some legal measure other than the fact of interference itself." *Id.* (internal quotations and citations omitted); *see also Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1442 n.4 (9th Cir. 1990). Further, the moving party can show actual disruption through evidence like interference with existing relationships, loss of goodwill, failed negotiations, or loss of a contract. *See Sybersound Record, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (finding that conclusory statements that the moving party's relationships were disrupted, without showing that it lost a contract or a negotiation failed, were not sufficient); *Behr Process Corp. v. RPM Int'l Inc.*, 2014 WL 12584385, at *2–4 (C.D. Cal. May 20, 2014) (looking to the plaintiff's intentional

interference with a contract allegations and finding that allegations of interference with relations, increased costs when performing a contract, and damaged business reputation and goodwill were sufficient); *Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d 1064, 1067–68 (N.D. Cal. 2005) (noting that interference with existing and prospective relationships with customers and investors is likely sufficient to show actual disruption).

Here, like Upper Deck's intentional interference with a contract claim, the Court finds that Upper Deck alleged sufficient facts to plead an intentional interference with prospective economic relations claim under California law. Leaf argues that Upper Deck failed to plead enough facts to show actual disruption. Leaf's Mot. 8–9 [170]. But Upper Deck pled that it suffered a reduction in expected sales, a drop in its trading cards' value, and a diminution of goodwill in Upper Deck and its products. Upper Deck's Countercl. 20 [109]. Construing the facts in Upper Deck's favor, the Court finds that Upper Deck asserted enough facts to plead a claim for intentional interference with a prospective relationship. The Court determines that Upper Deck sufficiently alleged that Leaf, with knowledge of Upper Deck's business relations, intentionally, and wrongfully, acted to interfere with these relations, which denied Upper Deck the full benefit of these relationships.

### F.  The Court Finds That Upper Deck Sufficiently Alleged Its Tortious Interference with a Contract Counterclaim

Under Texas law, a tortious interference with a contract claim requires a party to show "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the [moving party's] injury, and

MEMORANDUM OPINION AND ORDER – PAGE 7

(4) caused actual damages or loss." *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). The alleged conduct need not cause an actual breach. *AKB Hendrick, LP v. Musgrave Enters., Inc.*, 380 S.W.3d 221, 236 (Tex. App. – Dallas 2012, no pet.). "It is sufficient that the tortious conduct make performance more burdensome or difficult." *Id.*

Similar to Upper Deck's California law counterclaims, the Court finds that Upper Deck sufficiently alleged its tortious interference with a contract claim. Leaf argues that Upper Deck failed to sufficiently allege interference with its contracts. Leaf's Mot. 10 [170]. However, the Court finds the Upper Deck's factual allegations are sufficient. The Court determines that Upper Deck alleged that Leaf intentionally interfered with its contracts, which diminished Upper Deck's expected contractual benefits and damaged the goodwill of Upper Deck and its products.

### CONCLUSION

The Court will determine the choice-of-law dispute based on the record at trial. The Court finds that Upper Deck sufficiently alleged its counterclaims, so the Court denies Leaf's motion to dismiss.

Signed February 19, 2020.

David C. Godbey
United States District Judge